IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 2:17-CR-00151 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SARGUS |
| v. | ) | |
| | ) | |
| SALIM DAHDAH | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CINDY DAHDAH | ) | |
| | ) | |
| Defendant. | ) | |

**<u>DEFENDANT CINDY DAHDAH'S RESPONSE IN OPPOSITION
TO THE UNITED STATES' MOTION IN LIMINE</u>**

The United States seeks an order from this Court permitting introduction of evidence regarding a twelve-year-old Medicare claims audit and Cindy Dahdah's purported gambling activities from 2009 through 2014. Because this evidence is irrelevant and highly prejudicial, the Motion should be denied. Cindy Dahdah filed her own Motion to preclude gambling activity evidence, which is pending before the Court.

**I.   BACKGROUND**

Defendants Salim and Cindy Dahdah have owned and operated the Ohio Institute of Cardiac Care (OICC) for many years. They are charged in a nine-count indictment with conspiracy to commit health care fraud, health care fraud, and health care false statements. The United States alleges that the Dahdahs engaged in a conspiracy to overbill Medicare/Medicaid and private health care benefit programs for medical testing that the government contends was not "reasonable and necessary" under the applicable billing guidelines. The United States has

filed a Motion *in limine* (Doc. 32) to admit evidence of a claims audit performed by a private Medicare contractor in 2006, as well as evidence regarding Ms. Dahdah's purported gambling activities.

II.     ARGUMENT

"A ruling on a motion in limine is no more than a preliminary, or advisory, opinion that falls entirely within the discretion of the district court." *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38 (1984).  Here, the United States seeks to introduce evidence of the Defendants' acts outside the scope of the criminal conspiracy charged in this case.  The admission of this "other acts" evidence is governed by Federal Rules of Evidence 403 and 404.  Federal Rule of Evidence 404(b) provides, in relevant part:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Fed. R. Evid. 404(b).  The Sixth Circuit has cautioned that, "[w]hen prior acts evidence is introduced, regardless of the stated purpose, the likelihood is very great that the jurors will use the evidence precisely for the purpose it may not be considered; to suggest that the defendant is a bad person, . . . and that if he 'did it before he probably did it again.'" *United States v. Bell*, 516 F.3d 432, 444-45 (6th Cir. 2008).  Consequently, even if the proffered evidence satisfies the requirements of Rule 404(b), it may nevertheless be excluded if its prejudicial effect substantially outweighs its probative value.  Fed. R. Evid. 403.  The Sixth Circuit has packaged this analysis in the following three-step test used to determine whether 404(b) evidence is admissible:

> First, the district court must make a preliminary determination regarding whether there is sufficient evidence that the "other acts"

> took place. The district court must then determine whether those "other acts" are admissible for a proper purpose under Rule 404(b). Finally, the district court must determine whether the "other acts" evidence is more prejudicial than probative.

*Bell*, 516 F.3d at 441 (quoting *United States v. Lattner*, 385 F.3d 947, 955 (6th Cir. 2004)).

To admit evidence under Rule 404(b), the purpose for which the evidence is offered "must be in dispute or [must be] a fact that the statutory elements of the crime require the government to prove." *United States v. Feagan*, 472 Fed. App'x 382, 389 (6th Cir. 2012); *see also Bell*, 516 F.3d at 442 ("Thus, for other acts evidence to be admissible for the purpose of showing absence of mistake or accident, the defendant must assert a defense based on some type of mistake or accident."). The United States claims that both categories of evidence it seeks to introduce through its Motion are admissible as evidence of motive, intent, plan, knowledge, and absence of mistake or accident. Because the proffered evidence is not relevant or probative on these issues, the United States' Motion should be denied.

### A. Evidence of an audit performed outside the time frame of the alleged conspiracy is irrelevant and inadmissible.

The United States contends that in 2006, "a private Medicare contactor, AdvanceMed, . . . concluded that OICC was improperly billing for nuclear stress tests[,]" and that this conclusion "demonstrates Defendants' intent, plan, knowledge and absence of mistake of the conduct alleged in this case." (Doc. 32 at 2). Because the United States offers little more than this conclusory statement, it fails to meet its burden to establish that this highly prejudicial evidence should be presented to the jury.

At the outset, the evidence proffered by the United States regarding this "other act" is insufficient. The United States has provided little to no information about the circumstances of the 2006 audit, other than to declare that the audit occurred, and that its witnesses will testify to

that point.  The United States also provides no information on the methodology behind the audit that would allow the Court to determine whether it is being offered for a proper purpose under Rule 404(b).  For example, the United States does not relay how many claims were audited; the time frame covered by the audit; the types of claims that were audited; the methodology or standard employed to determine whether the billings were improper; and/or whether any prior audits were performed that revealed no issues with OICC's billing practices.  This information is needed to determine whether the audit evidence is truly relevant somehow to the Defendants' intent, plan, and knowledge regarding the conduct charged in this case.

This case is readily distinguishable from *United States v. English*, which the United States relies on to support its arguments under Rule 404.  In *English*, the United States sought to introduce evidence of the defendant's prior involvement in two Medicare-fraud schemes.  *English*, 785 F.3d 1052 (6th Cir. 2015).  The Sixth Circuit affirmed the trial court's introduction of the evidence on the issue of knowledge, noting that "whether [the defendant] had defrauded Medicare innocently or intentionally was a central issue—if not the central issue—of the case." *Id.* at 1056.  However, a key distinction exists here.  Twelve year old audit findings prepared by a private Medicare contractor are not equivalent to a prior finding of criminal liability for health care fraud.  In other words, even if the United States could demonstrate that the Dahdahs were notified via a single audit of some issues with their billing practices, this layperson's opinion is not relevant to whether they are criminally liable for the charged conduct; namely, conspiracy, health care fraud, and false statements.

The audit evidence is also substantially more prejudicial than probative, and thus fails the third prong of the Sixth Circuit test.  Rule 403 provides that "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice,

confusing the issues, [or] misleading the jury." Here, the risk of misleading and confusing the jury is extremely high because the jury is likely to take the audit results from the claims reviewed in 2006 and apply those conclusions automatically to the charged conduct. Because the Defendants are unlikely to have a fair opportunity to rebut these assumptions, the Motion should be denied. Moreover, Medicare audits are routine.

Finally, the audit evidence should be excluded as inadmissible hearsay evidence. The Rules of Evidence prohibit the introduction of out of court statements offered to prove the truth of the matter asserted. Fed. R. Evid. 801, 802. Here, to accept the United States' contention that Defendants had been improperly billing health care benefit programs as far back as 2006, and intentionally persisted in that practice, the Court (and the jury) would have to accept the truth of the statements asserted in the audit – *i.e.*, that the billings were in fact improper. Because the audit is an out of court statement offered for its truth, it is inadmissible hearsay, and the Motion should be denied.

### B. Evidence of Ms. Dahdah's gambling activities is substantially more prejudicial than probative and should be excluded.

The United States also seeks a preemptive ruling that it may admit evidence of Ms. Dahdah's purported gambling habits as probative of her motive to commit the charged conduct. As explained in Ms. Dahdah's motion *in limine* (Doc. 31), which is incorporated herein, this evidence is substantially more prejudicial than probative. To try and link any propensity to gamble with a "motive" to execute a fraud scheme is certainly a stretch—such a stretch that its prejudicial effect is probable.

### III. CONCLUSION

Because the categories of evidence proffered by the United States are both irrelevant and substantially prejudicial, the United States' Motion in Limine should be denied.

Respectfully submitted,

*/s/ Karl H. Schneider*
Karl H. Schneider (0012881), Trial Counsel
MCNEES WALLACE & NURICK LLC
21 East State Street, Suite 1700
Columbus, Ohio 43215
Telephone: (614) 719-2843
Facsimile: (614)-614-469-4653
kschneider@mcneeslaw.com

Sarah Hyser-Staub (*pro hac vice*)
(admitted 1-24-18 by order of Court)
MCNEES WALLACE & NURICK LLC
100 Pine Street
P.O. Box 1166
Harrisburg, PA 17106-1166
Telephone: (717)-237-5473
Facsimile: (717)-260-1639
sstaub@mcneeslaw.com

*Counsel for Defendant Cindy Dahdah*

Dated: July 16, 2018

# CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2018, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system.

Kenneth F Affeldt
LEAD ATTORNEY
US Attorney's Office
303 Marconi Boulevard 2nd Floor
Columbus, OH 43215
614-469-5715
Email: ken.affeldt@usdoj.gov

Maritsa Ann Flaherty
Ohio Attorney General Health Care Fraud Section
150 E. Gay Street, 17th Floor
Columbus, OH 43215
614-466-0722
Fax: 866-761-0234
Email: maritsa.flaherty@ohioattorneygeneral.gov

                                                */s/ Karl H. Schneider*
                                                  Karl H. Schneider (0012881)